UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARK TAYLOR,

                       Plaintiff,

     -against-                                   **ORDER**
                                                                            18-CV-1306-SJB
DOLLAR TREE STORES, INC.,

                       Defendant.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

        Defendant Dollar Tree Stores, Inc. ("Dollar Tree") has moved to continue the deposition of Plaintiff Mark Taylor for 30 minutes of testimony regarding Dollar Tree's reasons for terminating Mr. Taylor. (Mot. to Compel dated Feb. 28, 2019, Dkt. No. 27). The request is denied.

        Dollar Tree concedes that Mr. Taylor refused to answer questions about a document he wrote, in which he alleged that he went to visit certain persons on a particular evening in question. By failing to answer such questions, Mr. Taylor is potentially precluded from relying on that document or providing further additional exculpatory or explanatory reasons for his behavior during the incident in questions. (Dollar Tree would have to separately move for such relief, and could do so in connection with summary judgment or trial). In any event, the motion fails to indicate how much deposition testimony was already taken from Mr. Taylor—that is, whether the motion seeks more than the permissible 7 hours of testimony from him. Ultimately, however, it is not clear how Mr. Taylor's testimony about who he was going to visit is relevant to his claims in this case or any defenses of Dollar Tree. Dollar Tree explains that Mr. Taylor has conceded that his written statement—that he was visiting cousins—

1

was false and that Mr. Taylor is now claiming he was visiting someone who owed him money.  But the ultimate veracity of Mr. Taylor's current account of his reasons for taking a car service that particular evening is not pertinent to whether Dollar Tree had a legitimate non-discriminatory reason to terminate him.  If there is some reason his new explanation is pertinent to Dollar Tree's understanding and actions towards him, it goes unexplained in the motion; the Court therefore lacks a basis to order additional deposition testimony from Mr. Taylor.

To the extent this issue becomes pertinent to any claims remaining after a summary judgment decision, the Court will consider—upon motion by Dollar Tree—whether a pre-trial deposition of Mr. Taylor is necessary to cover this topic.  The Court deems discovery to be closed.  The Court ordered the parties to provide a proposed briefing schedule for any summary judgment motions by March 8, 2019.  (Order dated Feb. 14, 2019).  That deadline has passed.  The parties must file a proposed briefing schedule for summary judgment by **March 19, 2019**.

SO ORDERED.

*/s/Sanket J. Bulsara* March 12, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York